USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 97-1299 UNITED STATES OF AMERICA, Appellee, v. PAUL A. BLODGETT, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Bownes, Senior Circuit Judge. ____________________ ____________________ Jane Elizabeth Lee for appellant. __________________ Margaret D. McGaughey, Assistant United States Attorney, with ______________________ whom Richard W. Murphy, Assistant United States Attorney, and Jay P. __________________ ______ McCloskey, United States Attorney, were on brief for appellee. _________ ____________________ November 7, 1997 ____________________ STAHL, Circuit Judge. Appellant Paul A. Blodgett, STAHL, Circuit Judge. _____________ convicted and sentenced on two counts of being a felon in possession of a firearm, see 18 U.S.C. 922(g)(1), appeals ___ the district court's decision to enhance his sentence pursuant to the Armed Career Criminal Act ("ACCA"), see 18 ___ U.S.C. 924(e). Specifically, Blodgett disputes that his prior criminal record reflects the three predicate offenses necessary for an ACCA enhancement. Finding no error, we affirm. Background and Prior Proceedings Background and Prior Proceedings On May 9, 1996, police in Old Orchard Beach, Maine, arrested Blodgett after a high-speed automobile pursuit and subsequent foot chase. The police found Blodgett hiding under a blanket, holding a loaded and half-cocked 9 millimeter handgun. The government charged Blodgett with four weapons related counts, two pertaining to the 9 millimeter handgun and two pertaining to a 12 gauge shotgun subsequently found in Blodgett's car. A jury convicted Blodgett on the counts relating to the 9 millimeter handgun. The district court imposed a 293 month sentence. The court based its sentence in part on its conclusion that Blodgett's criminal history triggered the fifteen-year mandatory minimum sentence provided in the ACCA. Although Blodgett had eight juvenile and nineteen adult convictions that produced no criminal history points, the court determined that Blodgett had five other convictions which -3- 3 supplied the predicate necessary for an ACCA enhancement. Blodgett conceded two of the five convictions, but disputed that any of the remaining three, a 1984 Massachusetts conviction for breaking and entering, a 1983 Maine conviction for reckless conduct with a dangerous weapon, and a 1987 Maine conviction for burglary, should count toward the enhancement. Blodgett's challenge to the district court's ACCA enhancement forms the basis of this appeal. Discussion Discussion "Whether a conviction for a particular type of crime qualifies as a predicate offense presents a purely legal question, sparking de novo review." United States v. __ ____ _____________ Winter, 22 F.3d 15, 18 (1st Cir. 1994) (citing United ______ ______ States v. DeJesus, 984 F.2d 21, 23 n.4 (1st Cir. 1993)); see ______ _______ ___ United States v. Fiore, 983 F.2d 1, 2 (1st Cir. 1992)). Our ______________ _____ de novo review leads us to conclude that at least one of the __ ____ convictions Blodgett challenges, the 1984 Massachusetts conviction for breaking and entering, serves as a predicate offense for purposes of the ACCA enhancement. Accordingly, we affirm. The ACCA provides that anyone convicted as a felon in possession of a firearm who has three previous "violent felony" or "serious drug" convictions will receive a fifteen- year mandatory minimum sentence. 18 U.S.C. 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by -4- 4 imprisonment for a term exceeding one year" that reflects any of several enumerated violent attributes.1 18 U.S.C.  924(e)(2). Certain crimes, however, do not fall within the statutory definition of a "crime punishable by imprisonment for a term exceeding one year." Such crimes include any offense that a state classifies as a misdemeanor and which carries a maximum penalty of two years or less, see 18 U.S.C. ___ 921(a)(20)(B), and any offense for which a person has had his civil rights restored, unless that restoration expressly provides that the person may not ship, transport, possess or receive firearms, see 18 U.S.C. 921(a)(20). ___ In 1984, Blodgett was convicted for breaking and entering and sentenced to 18 months in the state prison. Blodgett now claims that the offense does not constitute a felony, and, even if it does, that he never lost one of his civil rights and had the others restored subsequent to that  ____________________ 1. Specifically, a violent felony is a "crime punishable by imprisonment for a term exceeding one year" that: (i) has as an element the use, attempted use or threatened use of force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .  18 U.S.C. 924(e)(2).  -5- 5 conviction and prior to his most recent offense. Neither of Blodgett's arguments is availing.  Contrary to Blodgett's assertion, the 1984 Massachusetts conviction clearly falls within the definition of a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. 921(a)(20). Massachusetts defines "felony" as "[a] crime punishable by death or imprisonment in the state prison. . . ." Mass. Gen. Laws ch. 274, 1 (noting that all other crimes are misdemeanors). The breaking and entering statute that underlies Blodgett's 1984 Massachusetts conviction provides for a maximum punishment of twenty years imprisonment. See Mass. Gen. Laws ch. 266,  ___ 16. In other words, Massachusetts classifies Blodgett's conviction as a felony, and, even if it did not, the maximum sentence Blodgett could have received removes his conviction from the exception of 921(a)(20)(B). See United States v. ___ _____________ Indelicato, 97 F.3d 627, 628 n.1 (1st Cir. 1996) (considering __________ the maximum statutorily authorized punishment rather than actual sentence for purposes of 18 U.S.C. 921(a)(20)(B)), cert. denied, 117 S. Ct. 1013 (1997). _____ ______ Blodgett insists that even if the conviction does constitute a felony, Massachusetts restored his civil rights which precludes the conviction from counting toward an ACCA enhancement. See 18 U.S.C. 921(a)(20). "In this circuit, ___ the civil rights that must be restored to trigger the -6- 6 exception are the rights to vote, hold public office, and to serve on a jury." United States v. Estrella, 104 F.3d 3, 6 ______________ ________ (1st Cir. 1997). We consider civil rights restored for purposes of 921(a)(20) whether by automatic application of law or by affirmative, executive act. See United States v. ___ _____________ Caron, 77 F.3d 1, 4 (1st Cir. 1996) (en banc). As we have _____ noted, a convicted felon in Massachusetts retains the right to vote, loses the right to hold public office for the duration of any sentence, and loses the right to serve on a jury for seven years after conviction. See id. at 2. The ___ ___ government does not dispute that Massachusetts has restored Blodgett's core civil rights. Blodgett, however, is not home free. Restoration of civil rights removes the conviction from the realm of ACCA predicate offenses "unless . . . such restoration . . . expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. 921(a)(20). In United States v. Estrella, 104 F.3d 3, 8 (1st Cir.), cert. _____________ ________ _____ denied, 117 S. Ct. 2494 (1997), we held that the restrictions ______ Massachusetts imposes on a felon's right to own firearms trigger the "unless" clause in 921(a)(20). Felons desiring to own firearms in Massachusetts must have been released from custody for five years, and then must obtain a firearm identification card. See id. at 7. A firearm identification ___ ___ card permits a felon to possess a handgun in his residence or -7- 7 place of business and to possess a rifle anywhere. See id. ___ ___ Notably, a felon may not possess a handgun outside of his residence or place of business, nor sell, rent or lease a firearm to another person. See id. Estrella, therefore, ___ ___ ________ precludes Blodgett's argument.  Blodgett points out that Estrella determined ________ whether such a Massachusetts conviction could serve as a felony supporting a conviction under the federal felon in possession of a firearm statute. See 18 U.S.C. 922(g)(1) ___ (providing criminal penalties for felons who possess firearms). He maintains that "[t]here are reasons why this Court might choose to interpret Massachusetts law as preserving the federal ban on handgun possession by a felon, and yet not interpret Massachusetts law as allowing a severe enhancement of defendant's sentence where defendant's civil rights have been restored." Blodgett does not enumerate these reasons, but generally seems to argue for a different interpretation of Massachusetts law depending on whether the government seeks to use the conviction for purposes of  922(g) or 921(a)(20), and, therefore, 924(e). In United States v. Alston, 112 F.3d 32, 37 (1st _____________ ______ Cir. 1997), we rejected the precise argument Blodgett makes in this appeal. The defendant in Alston challenged the ______ inclusion of a prior Massachusetts conviction as a predicate offense for ACCA purposes because his civil rights had been -8- 8 restored. 112 F.3d at 37. We noted that "Massachusetts materially restricts an ex-felon's right to carry and traffic in firearms regardless of the passage of time," id., and that ___ such restrictions trigger the "unless" exception to  921(a)(20), see id. at 38 (citing Estrella, 104 F.3d at 8). ___ ___ ________ On that basis we affirmed the enhancement of the defendant's sentence pursuant to the ACCA. See id.; see also United ___ ___ ___ ____ ______ States v. Palazzi, 115 F.3d 906, 908 (11th Cir. 1997) ______ _______ (adopting Estrella's interpretation of Massachusetts law ________ under the "unless" clause of 921(a)(20) and affirming an ACCA enhancement on that basis). We see no reason to deviate from Alston in this case. We therefore conclude that the ______ district court properly considered Blodgett's 1984 Massachusetts conviction as a predicate offense for a  924(e) enhancement. Conclusion Conclusion Blodgett concedes that two of his prior convictions constitute predicate offenses, and we find that his 1984 Massachusetts conviction for breaking and entering constitutes the third predicate offense for ACCA enhancement purposes. We need not consider the remaining two challenged convictions. See 18 U.S.C. 924(e) (requiring three prior ___ violent felony convictions to trigger enhancement).  Affirmed. Affirmed. -9- 9 Bownes, Senior Circuit Judge, concurring in the Bownes, Senior Circuit Judge, concurring in the ___________________________________________________ judgment: I write separately because I am concerned that we judgment ________ have significantly expanded a prior precedent, United States _____________ v. Estrella, 104 F.3d 3 (1st Cir. 1997), without giving ________ serious consideration to the difference between Estrella and ________ the circumstances attending the present case.  The defendant in Estrella appealed his conviction ________ under the federal felon-in-possession statute, 18 U.S.C.  922(g)(1), arguing that a prior Massachusetts felony conviction could not serve as a predicate felony under the federal statute because his civil rights had been restored by operation of Massachusetts law. This court held that, notwithstanding the retention of a felon's right to vote and the restoration of his rights to hold public office and to serve on a jury, the restrictions Massachusetts imposes on a convicted felon's right to own firearms trigger the "unless" clause in 18 U.S.C. 921(a)(20), which nullifies the ordinary rule that a civil rights restoration will remove the conviction from consideration as a predicate offense for purposes of the federal felon-in-possession statute. See ___ Estrella, 104 F.3d at 8. Estrella's holding went no further ________ ________ than the context of that case: it merely permitted such a prior conviction to serve as a predicate felony to support a federal conviction under the felon-in-possession statute. Id.  ___ -10- 10 In the present case, the majority applies this conclusion to an entirely different context: to enhance Blodgett's sentence under the Armed Career Criminal Act (ACCA). As the opinion notes, Blodgett maintains that "[t]here are reasons why this Court might choose to interpret Massachusetts law as preserving the federal ban on handgun possession by a felon, and yet not interpret Massachusetts law as allowing a severe enhancement of defendant's sentence where defendant's civil rights have been restored." Ante, at 7. Even if Massachusetts' restrictions on the right of an individual, previously convicted of a Massachusetts felony, to own firearms should have a bearing on the question of whether to criminalize federally an individual's possession of a firearm, it is not at all clear that Massachusetts' restrictions have any effect upon the very different question of whether that individual's Massachusetts conviction should result in an enhanced sentence upon conviction of a later federal offense. Accordingly, before we expand the Estrella ________ holding from one context to the other, I think we should carefully consider whether such expansion is appropriate, and we should discuss our reasoning if we decide to go ahead with the expansion. I do not think we did this in Alston. The Alston ______ ______ decision focused almost exclusively on a completely different issue (whether the prosecution's significant alteration of a -11- 11 gun should have precluded its being received in evidence). Alston's expansive reading of Estrella was offered in ______ ________ response to the last of several also-ran arguments that the court dealt with only very briefly. We conclusorily applied Estrella, noting simply that:  ________ In Estrella, we found these limited ________ [Massachusetts] restrictions trigger the above-quoted 'unless' exception to the provision relied upon by Alston as restoring his civil rights. 18 U.S.C.  921(a)(20). Estrella was decided after ________ Alston's sentence and the original briefing [in this court], but his reply brief has no effective answer to that decision. Alston, 112 F.3d at 38. Thus, far from "reject[ing] the ______ precise argument Blodgett makes in this appeal," as the majority asserts ante at 7, Alston never addressed that ____ ______ argument. The court in Alston did not even acknowledge that ______ it was applying the Estrella conclusion to a different ________ context -- which is Blodgett's argument here -- much less provide any reasoning for such an expansion. Nor did the defendant in Alston brief the question of whether Estrella ______ ________ should be applied in the sentence enhancement context. In the present case, in contrast, as the majority acknowledges, Blodgett does at least raise the issue that Estrella on its face does not address the present context. I ________ do not think we should assert that Estrella's holding has ________ been significantly enlarged to the sentencing context merely by referring to Alston's conclusion (without further ______ -12- 12 analysis) and stating that we will not "deviate from Alston" ______ here. If we are going to enshrine this expansion into solid precedent, we should discuss its consistency with the plain language (first) and the context and legislative history (if the plain language is not clear) of the relevant provisions of the enhanced sentencing statute (ACCA).  Nevertheless, as the majority notes, although Blodgett does direct our attention to the implicit expansion that would inhere in our application of Estrella to the ________ enhanced sentencing context, he has not provided us with developed argumentation explaining why such expansion would be inconsistent with legislative intent or otherwise violative of law. It is a "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," are deemed waived. Continental Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d ____________________ ___________________________ 370, 375 (1st Cir. 1991). For this reason, I concur in the majority's judgment affirming the district court's sentence. -13- 13